# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| NATHANIEL D. RICE, | Case No. 1:21-cv-611 |
| Plaintiff, | |
| vs. | District Judge Matthew W. McFarland |
| | Magistrate Judge Stephanie K. Bowman |
| SHERIFF RICHARD K. JONES, *et al.*, | |
| Defendants. | |

## REPORT AND RECOMMENDATION

Plaintiff, an inmate currently at the Greensboro Central Jail, in Greensboro, North Carolina, brings this *pro se* civil rights action. The Court understands the action to be brought pursuant to 42 U.S.C. § 1983.[1] By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

As an initial matter, plaintiff's original complaint totaled approximately thirty-seven, single-spaced, handwritten pages, included factual allegations against twenty-two defendants, and contained unrelated claims concerning plaintiff's arrest in July 2021 and the alleged conditions at the Butler County, Ohio, Jail, where he was allegedly incarcerated following his arrest. (*See* Doc. 1-2). On October 4, 2021, the undersigned issued a Deficiency Order, requiring plaintiff to submit within thirty days an amended complaint that complied with Fed. R. Civ. P. 8(a), which provides that the complaint contain a "short and plain statement of the claim," and Rule 20(a)(2), which provides that a plaintiff may not join unrelated claims and

---

[1] *See Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 624 (1979) ("Section 1983 provides a private cause of action for the deprivation, under color of state law, of 'rights ... secured by the Constitution and laws.'") (footnote omitted).

various defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action." (Doc. 2). Plaintiff was advised that "failure to comply with this Order may result in the dismissal of this action for want of prosecution." (*Id.*, at PageID 88).

On October 25, 2021, the Order was returned to the Court as undeliverable, marked "Inmate Released 9/23/2021." (Doc. 3). On November 19, 2021, when more than thirty days had passed since the Court had issued the Deficiency Order and plaintiff had failed to inform the Court of any change of address or respond to the Order, the Court entered a Report and Recommendation to dismiss the action for want of prosecution. (Doc. 4).

Thereafter, on January 31, 2022, plaintiff filed a notice of change of address. (Doc. 5). Plaintiff also filed a motion requesting an opportunity to amend his complaint (Doc. 6) and a motion requesting discovery (Doc. 7). Because it was not clear whether plaintiff had received a copy of the Court's Deficiency Order prior to his change of address, the Court vacated its November 19, 2021 Report and Recommendation to dismiss the matter for lack of prosecution and ordered plaintiff to submit an amended complaint that complied with the October 4, 2021 Deficiency Order (Doc. 2) within thirty days (Doc. 8). Plaintiff's motion requesting an opportunity to amend his complaint (Doc. 6) and his motion requesting discovery (Doc. 7) were denied without prejudice as premature. (Doc. 8, at PageID 109). On May 23, 2022, plaintiff filed his amended complaint. (Doc. 9). The amended complaint is the operative complaint in this action.[2]

---

[2] Plaintiff's amended complaint (Doc. 9) supersedes the original complaint and is the operative complaint. *See Calhoun v. Bergh*, 769 F.3d 409, 410 (6th Cir. 2014) ("An amended complaint supersedes an earlier complaint for all purposes.") (quotation and citation omitted).

This matter is now before the Court for a s*ua sponte* review of the amended complaint (Doc. 9) to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b). Also before the Court is plaintiff's motion for a preliminary injunction and/or a temporary restraining order. (Doc. 1-3).

## Screening of Amended Complaint

### A.  Legal Standard

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are

3

"fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual

4

enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

      **B.**      **Plaintiff's Amended Complaint**

Despite being given the applicable pleading standards, plaintiff's amended complaint, like his original complaint, includes unrelated claims regarding his July 2021 arrest and alleged conditions at the Butler County, Ohio, Jail. Additionally, the amended complaint includes new claims regarding alleged treatment plaintiff received at a hospital in Middleton, Ohio, in September 2021.

First, plaintiff alleges, in a conclusory fashion, that on July 25, 2021, state troopers were searching inside his truck. Plaintiff asserts that he "spoke out" against the state troopers' unlawful search of his truck and told them he was going to file a lawsuit.

Plaintiff next alleges, in a similarly conclusory fashion, that on July 26, 2021, he called a towing company to tow his truck to Kentucky. Plaintiff asserts that when the towing company was ten to fifteen minutes away, defendant state troopers John Doe No. 1, who plaintiff believes to be named "Trooper Tyler," Supervisor John Doe No. 2, and John Doe No. 3 "falsely accused and arrested" plaintiff for trespassing and for "other charges conjured up in retaliation for . . . exercising his First Amendment rights." Plaintiff claims that "state troopers" conspired to falsely arrest him, called another towing company, and cancelled the tow he had ordered.

> The entirety of the remainder of the allegations concerning his arrest are as follows:
>
> Rice begged state troopers to allow Rice to get out sun and Rice passed out being forced to sit in sun. (*Note* Rice medication instructs Rice to avoid sun or excessive duration of sun to avoid further injury). Rice woke up strapped to a chair at Butler County Jail in Ohio.

(Doc. 9, at PageID 122).

Plaintiff's amended complaint then turns to alleged conditions at the Butler County Jail and alleged treatment he received at a hospital in Middleton, Ohio. (Doc. 9, at PageID 122-24).

For relief, plaintiff seeks damages and injunctive relief. (Doc. 9, at PageID 114).

### C. Analysis of the Amended Complaint

Plaintiff's amended complaint involves claims that arise out of separate incidents and involve different defendants and issues. A plaintiff may not join unrelated claims and various defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). *See also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.").

"[T]he proper remedy for . . . misjoinder is to sever the claims against the unrelated parties and dismiss those claims without prejudice." *Cage v. Mich.*, No. 16cv11679, 2018 WL 3729062, at *2 (E.D. Mich. Aug. 6, 2018). Under Fed. R. Civ. P. 21, courts have "broad discretion 'to order severance to avoid causing unreasonable prejudice and expense to the defendant . . . and to avoid great inconvenience in the administration of justice.'" *Proctor v. Applegate*, 661 F. Supp.2d 743, 781 (E.D. Mich. 2009) (quoting *Nali v. Mich. Dep't of Corrections*, No. 07-10831, 2007 WL 4465247, *3 (E.D. Mich. 2007)) (alteration in original).

6

Addressing the claims in the order they are pleaded; the undersigned **RECOMMENDS** that the Court **DISMISS with prejudice** plaintiff's claims against defendant state troopers, which the undersigned understands to be brought under the First and Fourth Amendments, because those claims are too conclusory to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b). In addition, the undersigned concludes that plaintiff's remaining claims relating to the alleged conditions at the Butler County, Ohio, Jail and his alleged treatment at the hospital in Middleton, Ohio, are improperly joined in this action and should be **DISMISSED without prejudice** to plaintiff re-filing a separate action or actions including such claims if he so wishes. Fed. R. Civ. P. 20(a)(2); 21.

As an initial matter, plaintiff's claims against any of the defendant state troopers in an official capacity must be dismissed to the extent that plaintiff seeks monetary damages. Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139, 144 (1993); *Edelman v. Jordan*, 415 U.S. 651, 673 (1974). The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524, 527 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460-62 (6th Cir. 1982). The Eleventh Amendment bar extends to actions where the state is not a named party, but where the action is essentially one for the recovery of money from the state. *Edelman*, 415 U.S. at 663; *Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459, 464 (1945), *overruled on other grounds by Lapides v. Bd. of Regents of Univ. Sys. of Ga.,* 535 U.S. 613 (2002). A suit against defendants in their official capacities would, in reality, be a way of pleading the action against the entity of which defendants are agents. *Monell v. Dep't of Social*

*Servs.*, 436 U.S. 658, 690 (1978). Thus, actions against state officials in their official capacities are included in this bar. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989). *See also Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver." (citation and ellipsis omitted)). Therefore, the individual defendants are immune from suit in their official capacities to the extent that plaintiff seeks monetary damages.

Moreover, with respect to plaintiff's claims related to the search of his truck and his allegedly false and retaliatory arrest, plaintiff merely concludes that defendants' alleged conduct was "unlawful" and "in retaliation" (Doc. 9, at PageID 122) without sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. Plaintiff's conclusory assertions that defendants engaged in unlawful and retaliatory conduct are the kind of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" that *Iqbal* states are insufficient to state a claim for relief. *Id. See, e.g., Morozko v. Shoshone Cty.,* No. 1:19-CV-00512-BLW, 2020 WL 1535132, at *6 (D. Idaho Mar. 31, 2020) ("[M]erely alleging that a search or arrest was made without probable cause does not suffice to state a plausible Fourth Amendment claim."); *Yazid-Mazin v. McCormick*, No. 13-5783 (FLW), 2013 WL 5758716, at *5 (D.N.J. Oct. 24, 2013) ("Because Plaintiff's Complaint does not assert facts showing the absence of probable cause for his 2013 arrest, this Court will also dismiss the § 1983 claim for retaliatory arrest.").

Similarly, while the Court is sympathetic to plaintiff's allegations that he was forced to sit in the sun and passed out (Doc. 9, at PageID 122), these allegations alone are too conclusory to

state a plausible Fourth Amendment claim. The relevant question under the Fourth Amendment is whether the defendants' actions were objectively reasonable. *Burchett v. Kiefer*, 310 F.3d 937, 945 (6th Cir. 2002). *See also Slama v. City of Madera*, No. 1:08-CV-810 AWI GSA, 2008 WL 3244322, at *3 (E.D. Cal. Aug. 7, 2008) ("The pertinent question in an excessive force case is whether the use of force was 'objectively reasonable in light of the facts and circumstances confronting [the officers], without regard to their underlying intent or motivation.'") (quoting *Graham v. Connor*, 490 U.S. 386, 397 (1989) (alteration in original)). "Whereas an 'unnecessary exposure to heat' may cause a constitutional violation . . . being briefly confined in uncomfortable conditions, such as a hot patrol car, does not amount to a constitutional violation." *Gonzalez v. E. Los Angeles Sheriff Dep't,* No. 2:19-CV-07867-SVW-JC, 2020 WL 2949831, at *4 (C.D. Cal. Mar. 11, 2020) (comparing, *inter alia*, *Burchett*, 310 F.3d at 945 (finding "that unnecessary detention in extreme temperatures, like those that could be reached in an unventilated car in ninety-degree heat, violates the Fourth Amendment's prohibitions on unreasonable searches and seizures"); *Arias v. Amador*, 61 F. Supp. 3d 960, 976 (E.D. Cal. 2014) (finding no Fourth Amendment violation where the plaintiff was detained for less than fifteen minutes in a "very hot" police car with the windows rolled down about 4 inches)).

Plaintiff's amended complaint does not include allegations regarding the outside temperature or the length of time plaintiff was allegedly in the sun. Nor does the amended complaint otherwise contain sufficient factual allegations from which the Court can infer that defendant state troopers acted unreasonably in the course of plaintiff's arrest. "Factual allegations giving at least some indication as to the circumstances and conduct underlying the alleged violations are essential to give defendants fair notice of the claim(s) against them."

9

*Gonzalez*, 2020 WL 2949831, at *5 (citing *Iqbal*, 556 U.S. at 678, and finding that the plaintiff's allegations that "he was detained 'in the fall of 2017,' in a hot, unventilated police vehicle, and thereby suffered 'heat exhaustion' and 'black out'" failed to state a constitutional violation). *See also Herron v. Barlow*, No. 15-2145-JDT-dkv, 2016 WL 1448883, *3 (W.D. Tenn. Apr. 12, 2016) (finding that the plaintiff failed to plead a plausible Fourth Amendment excessive-force claim where he did "not describe the circumstances of the arrest or specify the precise actions taken by each individual Defendant; nor [described his] own actions").[3]

Next, to the extent that plaintiff generally alleges that defendant state troopers "conspired" to falsely arrest him (*see* Doc. 9, at PageID 122), his allegations are likewise too conclusory to state a claim upon which relief may be granted. *See, e.g., Anderson v. Cty. of Hamilton*, 780 F.Supp.2d 635, 643–44, 652 (S.D. Ohio 2011) (Barrett, J.; Hogan, M.J.) (and cases cited therein) (dismissing conspiracy claims in the absence of factual allegations to support the inference that a single plan existed, that the alleged co-conspirators shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy); *see also Fieger v. Cox,* 524 F.3d 770, 776 (6th Cir. 2008) (quoting *Gutierrez v. Lynch,* 826 F.2d 1534, 1538 (6th Cir. 1987)) ("It is 'well-settled that conspiracy claims must be pled with some

---

[3]As set forth above in note 2, plaintiff's amended complaint is the operative complaint in this case. The Court notes, however, that even if it considered the factual allegations in plaintiff's original complaint (Doc. 1-2), plaintiff still has failed to state a claim for relief against defendant state troopers. In his original complaint, plaintiff alleges that in July 2021 he parked his truck in a rest area, "returned to rest area on/about 7/26-7/27 to find officers searched" the truck, partially blocked the license plate number on his truck, "consumed A LOT (emphasis in original) of pain medication," was "HEAVILY MEDICATED" (emphasis in original), and "decided to use EXTREME (emphasis in original) precaution to protect himself and his family from law enforcement officials . . . at the rest area." (Doc. 1-2, at PageID 14, 18). Plaintiff also alleges that prior to his arrest he "laid down on ground" and "tr[ie]d to roll into any shaded area near [him]." (Doc. 1-1, at PageID 21). Given the allegations in the original complaint concerning plaintiff's own behavior, the Court remains convinced that plaintiff's conclusory assertions of wrongdoing on the part of defendant state troopers in his amended complaint are insufficient to state a claim upon which relief may be granted. *See Iqbal,* 556 U.S. at 678.

10

degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983.'"). *Cf. Jeter v. Ahmed,* No. 1:13cv244, 2013 WL 6157991, at *1, *3 (S.D. Ohio Nov. 25. 2013) (Weber, J.; Bowman, M.J.) (quoting *Alder v. Correctional Medical Servs.,* 73 F. App'x 839, 841 (6th Cir. 2003)) (adopting recommendation to dismiss a prisoner's conspiracy claim at screening stage).

The remainder of the complaint should be dismissed without prejudice because it consists of claims that are unrelated to plaintiff's claims against defendant state troopers. As indicated above, plaintiff's remaining claims relate to alleged conditions at the Butler County, Ohio, Jail and alleged treatment plaintiff received at a hospital in Middleton, Ohio. Such claims do not arise out of the same transaction, occurrence, or series of transactions or occurrences as the claims against defendant state troopers and involve separate and distinct factual and legal issues. Plaintiff, therefore, has improperly included his remaining claims in this action and they should be dismissed without prejudice to plaintiff re-filing a separate action or actions including such claims if he so wishes. Fed. R. Civ. P. 20(a)(2); 21.

Accordingly, in sum, it is **RECOMMENDED** that the Court **DISMISS with prejudice** plaintiff's claims against defendant state troopers for failure to state a claim upon which relief may be granted, 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b), and **DISMISS** plaintiff's remaining claims relating to the alleged conditions at the Butler County, Ohio, Jail and his alleged treatment at a hospital in Middleton, Ohio, **without prejudice** to plaintiff re-filing a separate action or actions including such claims if he so wishes, Fed. R. Civ. P. 20(a)(2); 21.

In light of the above recommendations to dismiss the complaint, the undersigned further **RECOMMENDS** that plaintiff's motion for a preliminary injunction and/or a temporary

restraining order (Doc. 1-3) be **DENIED as moot.**

### IT IS THEREFORE RECOMMENDED THAT:

1. The Court **DISMISS with prejudice** plaintiff's claims against defendant state troopers for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b).

2. The Court **DISMISS** plaintiff's remaining claims relating to the alleged conditions at the Butler County, Ohio, Jail and his alleged treatment at a hospital in Middleton, Ohio, **without prejudice** to plaintiff re-filing a separate action or actions including such claims if he so wishes. Fed. R. Civ. P. 20(a)(2); 21.

3. Plaintiff's motion for preliminary injunction and/or a temporary restraining order (Doc. 11) be **DENIED as moot.**

4. The Court certify pursuant to 28 U.S.C. § 1915(e)(2)(B) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

### PROCEDURE ON OBJECTIONS:

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the

record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

August 30, 2022 				*s/Stephanie K. Bowman*
				STEPHANIE K. BOWMAN
				United States Magistrate Judge